**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**


PEGGYE WILSON,

          Appellant,

      v.

DEPARTMENT OF DEFENSE,

          Agency.

DOCKET NUMBERS
SF-0752-21-0330-I-2
SF-1221-21-0329-W-2[1]

DATE: July 13, 2023


# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Peggye Wilson, APO, APO/FPO Pacific, pro se.

Amos N. Jones, Esquire, Washington, D.C., for the appellant.

Holly Kay Botes, Esquire, APO, APO/FPO Pacific, for the agency.


**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

---

[1] We have joined these two appeals on review based on our determination that joinder will expedite processing of the cases and will not adversely affect the interests of the parties. 5 C.F.R. § 1201.36(b).

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

¶1      The appellant has filed petitions for review of the initial decisions, which dismissed for lack of jurisdiction her involuntary retirement and individual right of action (IRA) appeals. In her petitions for review, she argues that the administrative judge erred in finding that she failed to nonfrivolously allege that her retirement was involuntary and that she made protected disclosures or engaged in protected activity pursuant to 5 U.S.C. § 2302(b)(8), (9). *Wilson v. Department of Defense*, MSPB Docket No. SF-0752-21-0330-I-2, Petition for Review (I-2 PFR) File, Tab 1; *Wilson v. Department of Defense*, MSPB Docket No. SF-1221-21-0329-W-2, Petition for Review (W-2 PFR) File, Tab 1. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in these appeals, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petitions for review. Therefore, we DENY the petitions for review and AFFIRM the initial decisions, which are now the Board's final decisions. 5 C.F.R. § 1201.113(b).

¶2      The administrative judge correctly found that the appellant failed to nonfrivolously allege or show that her retirement was involuntary. *Wilson v. Department of Defense*, MSPB Docket No. SF-0752-21-0330-I-2, Appeal File (I-2 AF), Tab 14, Initial Decision (I-2 ID) at 10-14. We similarly agree with the administrative judge that the appellant failed to nonfrivolously allege that she

made a protected disclosure or engaged in protected activity pursuant to 5 U.S.C. § 2302(b)(8), (9).  *Wilson v. Department of Defense*, MSPB Docket No. SF-1221-21-0329-W-2, Appeal File (W-2 AF), Tab 16, Initial Decision (W-2 ID) at 10-15. The appellant's arguments on review, which amount to mere disagreements with the administrative judge's findings, do not provide a basis to disturb the initial decisions in this regard.

¶3        The appellant argues in both petitions for review that the administrative judge abused her discretion by refusing to accommodate her counsel's religious observances when she denied requests for an extension of time to initiate discovery and file a jurisdictional briefing, which she filed in both proceedings below, respectively.  I-2 PFR File, Tab 1 at 4; W-2 PFR File, Tab 1 at 4.  The appellant's request was due to disruptions to her home life and the "supervening commitments" of her counsel, including his commitment to his church and the Easter holiday.  I-2 AF, Tab 5; W-2 AF, Tab 7.  The administrative judge denied the request for a 6-month extension.  I-2 AF, Tab 8; W-2 AF, Tab 10.

¶4        An administrative judge has wide discretion to control the proceedings in front of her, and specifically, to rule on motions.  *See* 5 C.F.R. § 1201.41(b)(8). Here, it is undisputed that, although the administrative judge denied the appellant's request for a 6-month extension, she granted a 7-day extension based on the appellant's explanation of good cause.  I-2 AF, Tab 8; W-2 AF, Tab 10. Further, following the 7-day extension, the administrative judge also granted an additional 8-day extension.  I-2 AF, Tab 11; W-2 AF, Tab 13.  On review, the appellant has not explained how these extensions failed to account for her counsel's religious observance.  Accordingly, this argument does not provide a basis to disturb the initial decisions.

¶5        The appellant also argues on review that the prior dismissals of her appeals without prejudice constituted an abuse of discretion and resulted in the loss of her requested hearing.  I-2 PFR File, Tab 1 at 4; W-2 PFR File, Tab 1 at 4.  We acknowledge that the administrative judge dismissed the appeals without

prejudice while the Board resolved the issues presented in *Lucia v. Securities Exchange Commission*, 138 S. Ct. 2044 (2018), and that the appeals were not refiled until approximately 1 year later. The appellant has not shown that any delay in the refiling of her appeals caused the loss of the requested hearings. Regarding her involuntary retirement claim, an appellant has a right to a hearing when she makes nonfrivolous allegations of Board jurisdiction. *See Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006). Regarding her IRA appeal, an appellant is entitled to a hearing on the merits when she proves that she exhausted her administrative remedy with the Office of Special Counsel and makes nonfrivolous allegations that she engaged in protected activity that was a contributing factor in a personnel action. *See Graves v. Department of Veterans Affairs*, 123 M.S.P.R. 434, ¶ 22 (2016). Based on the administrative judge's findings and our agreements therewith as stated in this decision, the appellant failed to show that she was entitled to a hearing in either matter.

¶6        Accordingly, we affirm the initial decisions.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____/s/ for_____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.